UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DASHONE MARCEL REYNOLDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4343** |
| **ORLEANS CRIMINAL DISTRICT COURT** | **SECTION: "G"(5)** |

### REPORT AND RECOMMENDATION

In October 2022, *pro se* petitioner Dashone Marcel Reynolds filed the above-captioned application for federal habeas corpus relief. In that petition, he challenges his two-count criminal conviction and sentence imposed in September 2022 in the Criminal District Court for Orleans Parish. Upon receipt of the application, the Clerk's Office issued a standard deficiency notice to Reynolds warning that his application was deficient for failure to include either an application to proceed *in forma pauperis* or the requisite $5.00 filing fee and providing him ample opportunity to correct the deficiency. (Rec. doc. 2). Reynolds failed to comply with the deficiency notice.

On December 5, 2022, the undersigned issued an order providing him additional time to comply and correct the deficiency. Again, Reynolds failed to respond. To date, the above-captioned federal habeas application remains deficient. *See* Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the instant application should be dismissed without prejudice for this reason. *See e.g.*, *Searls v. Cain*, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).[1]

---

[1] The Court emphasizes that dismissal of this proceeding is without prejudice and will not impact Reynold's ability to pursue his challenge to the state-court criminal conviction should he choose to refile his application with the necessary filing fee or pauper application in the appropriate federal district court once he exhausts his available state-court remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Dashone Marcel Reynolds in the above-captioned matter be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. §636(b)(1)).

New Orleans, Louisiana, this  5th  day of ____January____, 2023.

  
_____  
MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE